Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1020 | **DATE** | 8/10/2000 |
| **CASE TITLE** | Spencer vs. Thomas | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies defendant's motion to dismiss. Defendant is directed to answer the complaint on or before 9/1/00.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 1 4 2000 date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 AUG 11 PM 4:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY SPENCER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 00 C 1020 |
| CHERRYL T. THOMAS, Chairman of the united STATES RAILROAD RETIREMENT BOARD, | ) ) ) ) |
| Defendant. | ) ) |

**DOCKETED AUG 14 2000**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In her amended complaint, plaintiff Beverly Spencer alleges that she was employed as an auditor with the United States Railroad Retirement Board's Inspector General's office starting in 1989 and always performed in a satisfactory manner. She says that in January 1998, she became ill at work due to exposure to a cleaning solvent, requiring her to be hospitalized and undergo medical treatment. In March-April 1998, Spencer says, she requested to be allowed to work at home, but this request went unanswered.

In June 1998, Spencer filed a discrimination charge with the Board's EEO counselor, alleging race discrimination and violation of the Rehabilitation Act. Spencer says the EEO counselor advised Spencer's supervisors of the charge, and she claims that her supervisors retaliated against her by ordering her to return to work, forcing her to stay in her work area unless she had specific permission to leave, failing to discuss alternatives to accommodate her illness, causing her to be investigated, giving her unsatisfactory evaluations, directing her to document



her comings and goings, failing to assist her with computer problems, refusing to communicate except in writing, and suspending her in August and September 1998. Cplt., Count 1, ¶11a-i. In Count 1, she claims that these acts constituted retaliation for making a charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964. In Count 2, Spencer claims that these same acts with the exception of the suspension were motivated by race discrimination, also in violation of Title VII. *See* Cplt., Count 2, ¶7a-h.

Defendant has moved to dismiss (actually, to strike) certain of the matters that Spencer claims are discriminatory or retaliatory, on the grounds that she had not exhausted her administrative remedies as to these claims. In her motion, defendant indicated that Spencer had filed three separate EEO charges and that two of them had not been completely exhausted but rather were still pending at various levels. These, defendant said, included the allegations in ¶7e-h of Count 1 and ¶11e-h of Count 2. In addition, defendant contended that Spencer's allegation about her suspension, *see* Count 1, ¶7i, had never been raised in any EEO complaint and should likewise be dismissed.

In response, Spencer argued that claims of retaliation are considered to be "reasonably related" to the original claim of discrimination and thus can be raised in court even if not made part of a separate administrative charge. Spencer also noted that one of the two then-pending EEO charges would in fact be fully exhausted as of August 1, 2000. In her reply, filed on August 1, defendant agrees that Spencer's second EEO charge has now been fully exhausted but argues that certain of Spencer's contentions still should be stricken because they were not asserted in any of her EEO filings. Specifically, defendant argues that Spencer's allegations that her unsatisfactory performance evaluations in 1998 and 1999 and her suspension in August-

2

September 1998 were discriminatory and/or retaliatory are not within the scope of her EEO charges.

A Title VII plaintiff generally may bring only those claims that were included in her administrative charge. *E.g., Cheek v. Western & Southern Life Insurance Co.*, 31 F.3d 497, 501 (7th Cir. 1994). However, when the plaintiff claims she suffered retaliation after making her administrative charge, she is not required to file a separate administrative charge alleging retaliation as a prerequisite to filing suit. *See, e.g., Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000); *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 482 (7th Cir. 1996); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989). In such cases, requiring a double filing "'would serve no purpose except to create additional procedural technicalities.'" *McKenzie*, 92 F.3d at 482 (quoting *Steffen v. Meridian Life Insurance Co.*, 859 F.2d 534, 545 (7th Cir. 1988)). This exception to the exhaustion requirement does not apply, however, if the retaliation took place before the plaintiff made the administrative charge. *See McKenzie*, 92 F.3d at 483; *Steffen*, 859 F.2d at 544-45 & 545 n. 2.

This case is somewhat of a hybrid; the retaliation claimed by Spencer occurred after her initial EEO charge, meaning she would not have had to file a second (or third) charge in order to raise a retaliation claim here. But Spencer did file two additional charges, specifically claiming retaliation. Should she be held to what was in those charges? A decent argument can be made that it would be unjust to hold a plaintiff who acted prudently in filing an administrative charge of retaliation to a stricter standard than would apply to a less prudent plaintiff. But even were the Court to excuse Spencer on this basis for her failure to include certain allegations in her administrative retaliation charge, this exception applies only to claims of retaliation and thus

3

would not save the parallel allegations in Count 2, her race discrimination claim. So we must address the scope of the EEO charge in any event.

The law does not limit a Title VII plaintiff's claims to the precise wording of her administrative charge. "Recognizing that the original charge is often completed by laypersons rather than lawyers, [the Seventh Circuit] has noted that 'a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint.'" *McKenzie,* 92 F.3d at 482 (quoting *Cheek,* 31 F.3d at 501). The plaintiff may rely not merely on the assertions that she included in the administrative charge, but also those that are "like or reasonably related to the allegations of the charge and grow[ ] out of such allegations." *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.,* 538 F.2d 164, 167 (7th Cir. 1976) *(en banc), quoted in McKenzie,* 92 F.3d at 481.

In this case, Spencer asserted in her second and third EEO charges that her supervisor was constantly critical of her work. These allegations are broad enough to encompass her claims in this action that her 1998 and 1999 performance reviews were discriminatory and/or retaliatory. *See Maclin v. Northern Telecom, Inc.,* No. 95 C 7485, 1996 WL 495558, at *4 (N.D. Ill. Aug. 28, 1996) (Williams, J.) (holding that administrative claim of discriminatory performance evaluations encompassed claim of discrimination in pay, as plaintiff's pay depended upon her performance evaluations). Because the Court is not aware of the claimed basis for Spencer's suspension in August & September 1999, it is difficult to determine whether her claim about that suspension is similarly within the scope of the allegations she made in her EEO charges. It may be that the suspension was based on Spencer's supervisor's criticism of some aspect of her performance; if so, the suspension is likely to fall within the scope of Spencer's EEO charges for

4

the reasons stated above. Construing the complaint liberally, the Court does not believe that it would be appropriate to strike the suspension allegation at this stage. It may become appropriate to revisit the matter at a later stage of the litigation when the parties are in a position to present more information about the reason for the suspension.

For these reasons, the Court denies defendant's motion to dismiss. Defendant is directed to answer the complaint on or before September 1, 2000.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 10, 2000